UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| RODNEY RIFFERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV1912 JCH |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Rodney Riffert's ("Riffert") Motion to Remand, filed December 14, 2007. (Doc. No. 11). This matter is fully briefed and ready for disposition.

**BACKGROUND**

On October 4, 2007, Riffert filed his four count Petition against Defendant Walgreen Co. ("Walgreens") in the Circuit Court of St. Louis City, Missouri. (Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In his Complaint, Riffert claims that Walgreens discriminated against him on account of his disability, i.e., HIV positive status, by constructively terminating his employment, refusing to make a good-faith effort to accommodate his disability, and failing to promote him to positions for which he was more qualified than similarly situated individuals. (Compl., Count I). Riffert further alleges Walgreens retaliated against him for his complaints concerning discrimination, in violation of the Missouri Human Rights Act ("MHRA"), and was negligent in both supervising and training its agents and employees. (Compl., Counts II-IV).

Riffert does not allege a specific amount of damages. Rather, he prays for compensatory and punitive damages, "including an award of back pay, and including lost benefits, bonuses, cost[] of

living increases and other benefits including interest; front pay in a reasonable amount; reinstatement or future pecuniary losses; damages for emotional pain, suffering, inconvenience and mental anguish and loss of enjoyment of life."[1] (Compl., P. 11). Additionally, Riffert requests that the Court permanently enjoin Walgreens from any further violations of the MHRA, and provide such further relief as the Court deems just and proper. (Id.).

On November 13, 2007, Walgreens removed Riffert's action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1). In response, on December 14, 2007, Riffert filed his Motion to Remand. Riffert maintains that this Court lacks jurisdiction as Walgreens, "has not proven with a legal certainty that Riffert's claim exceeds $75,000 nor has it even alleged this fact." (Doc. No. 11, ¶ 4). Walgreens responds that the facts pled and relief sought in the Complaint demonstrate that the amount in controversy requirement is satisfied. (Doc. No. 14). Complete diversity of citizenship between the parties is not contested.

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Dowell v. Debt Relief America, L.P., 2007 WL 2907881 at *2 (E.D. Mo. Oct. 3, 2007).

The Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint

---

[1] Riffert further requests reimbursement for costs and reasonable attorneys' fees. (Compl., P. 11).

alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). See also James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (citation omitted) ("The burden thereafter fell upon [Defendant], as the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by [Plaintiff] could, that is might, legally satisfy the amount in controversy requirement"). "The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d at 834, citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000).

Riffert asserts Walgreens is required to establish with legal certainty that the amount in controversy will exceed $75,000. (Memorandum of Plaintiff, Rodney Riffert, in Support of his Motion to Remand, PP. 2, 3). The question is not whether Riffert's verdict ultimately will exceed $75,000, however, but whether a fact finder could conclude that it does. See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). At the time of Riffert's alleged constructive discharge, he was earning approximately $37,674 per year. (Defendant's Response in Opposition to Plaintiff's Motion to Remand ("Walgreens' Opp."), P. 5).[2] Thus, even without factoring in increases for cost of living adjustments, profit-sharing, and bonuses, Riffert's back pay alone could exceed the amount in controversy requirement by the time this matter is resolved. (Id.). The claim value derived from wages would further be increased by the

---

[2] Riffert does not dispute this allegation with respect to his salary level at the time his employment ended.

value of benefits, such as medical and dental insurance. (Id.). Additionally, Riffert's claim for discriminatory failure to promote would increase this number by the difference between the salary that he would have been paid with the promotion, and the salary he was receiving when allegedly terminated. (Id., PP. 5-6).

Riffert also claims a right to front pay and reinstatement or future pecuniary losses, all of which would increase the amount in controversy. These claims would increase the amount in controversy by either the value of pecuniary losses or the value of reinstatement itself, which presumably would be equal to additional years of wages.

Finally, Riffert's demand for damages for emotional pain, suffering, inconvenience, and mental anguish and loss of enjoyment of life further increases the value of his claim. Eidson v. Midwest Vet. Supply Co., 2006 WL 3060139 at *4-5 (W.D. Mo. Oct. 25, 2006). It is unnecessary to value Riffert's claim for emotional distress damages at this time, however, because as demonstrated above a jury reasonably could award damages in excess of $75,000 based on the value of two years' claimed lost wages alone.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Plaintiff, Rodney Riffert, to Remand (Doc. No. 11) is **DENIED**.

---

[3] Walgreens further points out that both the punitive damages and the attorneys' fees Riffert seeks properly are included in the amount-in-controversy determination. (Walgreens' Opp., P. 3).

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, March 3, 2008**, within which to respond to Defendant's Motion to Dismiss Count II of Plaintiff's Petition (Doc. No. 6). Failure to do so will result in the Court's ruling on Defendant's unopposed motion.

Dated this 20th day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE