**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | |
|---|---|
| **RODNEY RIFFERT,** ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:07 CV-01912 JCH |
| ) | |
| **WALGREEN CO.,** ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION TO COMPEL ANSWERS AND DOCUMENTS RESPONSIVE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Defendant Walgreen Co. ("Walgreen") respectfully requests that the Court enter an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling Plaintiff to produce answers responsive to Defendant's First Set of Interrogatories Directed to Plaintiff ("Defendant's First Interrogatories") and to produce documents responsive to Defendant's First Request for Production of Documents Directed to Plaintiff ("Defendant's First Document Requests"). Plaintiff has refused to provide the discovery responses sought herein despite Walgreen's repeated efforts to obtain them in the more than one and one-half months since the discovery responses were first due on April 7, 2008. Therefore, in addition to seeking an Order compelling Plaintiff's discovery responses, Walgreen seeks an Order imposing sanctions on Plaintiff to cover Walgreen's reasonable attorneys' fees and costs generated in the preparation of the instant motion and its supportive materials and/or dismissing Plaintiff's action with prejudice, pursuant to Rule 37. In support of the instant motion, Walgreen states as follows:

1.      Plaintiff filed his four-count Petition in this matter in the Missouri Circuit Court for the City of St. Louis on October 4, 2007.  See Pet., attached as Exh. 1 to Def.'s Notice of Removal  (hereinafter referred to as "Petition" or "Pet.").

2.      On November 14, 2007, Walgreen removed Plaintiff's action to this Court.  See Def.'s Notice of Removal.

3.      On November 20, 2007, Walgreen moved to dismiss Count II of Plaintiff's Petition and filed an Answer responding to the other allegations set forth in the Petition.

4.      Plaintiff chose not to respond in opposition to Walgreen's Motion to Dismiss Count II; instead, Plaintiff filed a memorandum voluntarily dismissing Count II of his Petition on March 3, 2008.  The Court entered an Order dismissing Count II on March 4, 2008.

5.      The Scheduling Order entered by this Court required the parties to serve their Rule 26(a)(1) initial disclosures by February 4, 2008.  Walgreen complied with this directive; however, Plaintiff failed to do so, waiting until February 9, 2008, to serve his initial disclosures.  See Pl.'s Rule 26(a)(1) Initial Disclosures, attached hereto as Exh. A.

6.      On March 5, 2008, Walgreen served on Plaintiff Defendant's First Interrogatories and Defendant's First Document Requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.  See Def.'s First Interrogatories, attached hereto as Exh. B, and Def.'s First Document Requests, attached hereto as Exh. C.  Defendant's First Interrogatories included 16 separately numbered interrogatories.  See Exh. B.  Defendant's First Document Requests included 30 separately numbered requests.  See Exh. C.

7.      On March 5, 2008, Walgreen also served on Plaintiff Defendant's Notice of Deposition for Plaintiff Rodney Riffert, pursuant to Rule 30, setting Plaintiff's deposition for

April 16, 2008.  See Def.'s Notice of Dep., attached hereto as Exh. D.  This deposition was delayed, however, to accommodate Plaintiff's counsel's schedule.

       8. Plaintiff's responses to Defendant's First Interrogatories and Defendant's First Document Requests were due on April 7, 2008.  See Fed.R.Civ.Pro. Rules 6, 33, 34.  Without requesting additional time to respond, Plaintiff failed to serve any responses or objections to Defendant's First Interrogatories and Defendant's First Document Requests.  Indeed, to date, Walgreen has received no responses of any kind to Defendant's First Interrogatories and Defendant's First Document Requests.

       9. Defendant's counsel, Travis R. Kearbey, contacted Plaintiff's counsel, Bruce Hopson, by telephone on Monday, April 14, 2008, to ask when Walgreen should expect to receive Plaintiff's responses to Defendant's First Interrogatories and Defendant's First Document Requests.  See E-mail from T. Kearbey, dated April 17, 2008, attached hereto as Exh. E; Aff. of T. Kearbey, attached hereto as Exh. F, ¶ 4.  At that time, Mr. Hopson stated that he did not know the status of Plaintiff's responses and that he would have to check with his paralegal the next morning on the matter.  See Exh. E; Exh. F ¶ 5.  Mr. Hopson also stated he would call Mr. Kearbey on Tuesday, April 15, 2008, with an update on the status of Plaintiff's responses. Id.

       10. On Thursday, April 17, 2008, after having received no contact from Mr. Hopson or discovery responses from Plaintiff, Mr. Kearbey contacted Mr. Hopson by e-mail to once again inquire about his client's failure to serve timely responses to Walgreen's discovery requests.  See Exh. E; Exh. F ¶ 5.  Mr. Hopson did not respond to Mr. Kearbey's e-mail dated April 17, 2008.  See Exh. F ¶ 5.

11. In a continued effort to obtain Plaintiff's discovery responses, Defendant's counsel, Jerry M. Hunter, contacted Mr. Hopson by telephone on Tuesday, May 13, 2008, to demand that Plaintiff respond to Defendant's First Interrogatories and Defendant's First Document Requests by Thursday, May 15, 2008—more than a month and one week after those responses were due—or face a Rule 37 motion to compel. See Aff. of J. Hunter, attached hereto as Exh. G, ¶¶ 2, 4. At that time, Mr. Hopson stated that he would either provide Plaintiff's discovery responses or file a motion to dismiss Plaintiff's action. Id. at ¶ 5.

12. Because Walgreen received no discovery responses from Plaintiff by the end of the day on Thursday, May 15, 2008, Mr. Kearbey contacted Mr. Hopson by telephone on Friday, May 16, 2008, to confer with Mr. Hopson regarding Walgreen's plan to file a motion to compel Plaintiff's responses to Defendant's First Interrogatories and Defendant's First Document Requests. See Exh. F, ¶ 7. At that time, however, Mr. Hopson advised Mr. Kearbey that he planned to file a dismissal of Plaintiff's action on Monday, May 19, 2008, and promised to contact Mr. Kearbey by telephone on Monday, May 19, 2008, to confirm his plans to dismiss Plaintiff's case on that day. Id. Thus, Mr. Kearbey agreed to postpone filing a motion to compel until Monday, May 19, 2008, so Plaintiff could dismiss his case. Id.

13. On the morning of Monday, May 19, 2008, Mr. Kearbey left a telephone voice mail message for Mr. Hopson in an attempt to confirm Mr. Hopson's plan to dismiss Plaintiff's action; however, Mr. Hopson did not return Mr. Kearbey's telephone call and did not dismiss Plaintiff's action as promised. Id. at ¶ 8.

14. On Tuesday, May 20, 2008, Mr. Kearbey attempted twice to contact Mr. Hopson by telephone to inquire about Mr. Hopson's plans to dismiss Plaintiff's action and to confer about Walgreen's plans to file a motion to compel. Id. at ¶ 9. Mr. Kearbey spoke to

Mr. Hopson's assistant on both occasions because Mr. Hopson was either out of the office or on a conference call at the times Mr. Kearbey called. Id. at ¶ 9. Mr. Kearbey asked that Mr. Hopson return his telephone calls to discuss the matters raised in the instant motion, but Mr. Hopson did not do so. Id.

15. Plaintiff's failure to respond to Defendant's First Interrogatories and Defendant's First Document Requests violates Rules 33 and 34 of the Federal Rules of Civil Procedure and has impeded Walgreen's ability to assess the legitimacy of and prepare a defense to Plaintiff's claims. Furthermore, in the absence of Plaintiff's discovery responses, Walgreen has been unable to prepare for and take Plaintiff's deposition.[1]

16. Based on the facts set forth above, Walgreen seeks an Order compelling Plaintiff to respond to Walgreen's written discovery requests served on March 5, 2008, and an Order awarding Walgreen its attorneys' fees and expenses in preparing the instant motion and its supportive material and/or dismissing Plaintiff's action, pursuant to Rule 37 and based on Plaintiff's refusal to respond to Walgreen's discovery requests.

17. As explained above, Defendant's counsel has conferred with Plaintiff's counsel in writing and by telephone on multiple occasions in an attempt to resolve the instant discovery dispute; however, no such resolution could be reached as demonstrated by Plaintiff's continued refusal to serve Walgreen with any responses whatsoever to Defendant's First Interrogatories and Defendant's First Document Requests.

---

[1] The slow pace of discovery in the instant case has already forced Walgreen to seek one extension of the deadline for requesting leave to conduct a Rule 35 medical examination to May 31, 2008, which this Court granted on April 25, 2008. Without the benefit of Plaintiff's discovery responses at this late date, it seems doubtful that Walgreen will be able to prepare for and take Plaintiff's deposition before the extended deadline for requesting Rule 35 medical examinations has expired.

WHEREFORE, Defendant Walgreen Co. respectfully requests that the Court enter an Order compelling Plaintiff to produce answers responsive to Defendant's First Set of Interrogatories Directed to Plaintiff and documents responsive to Defendant's First Request for Production of Documents, awarding sanctions against Plaintiff to cover Defendant's reasonable attorneys' fees and costs generated in preparing the instant motion and its supportive materials and/or dismissing Plaintiff's action with prejudice, and awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: ___/s/ Travis R. Kearbey___
Jerry M. Hunter, #11874
Travis Kearbey, #531875
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102-2750
(314) 259-2772 (telephone)
(314) 552-8772 (facsimile)
jmhunter@bryancave.com
travis.kearbey@bryancave.com

Attorneys for Defendant
Walgreen Co.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic filing system on Bruce E. Hopson, Bruce E. Hopson, LLC, 1221 Locust Street, Ste. 800, St. Louis, Missouri 63103, this 22nd day of May, 2008.

___/s/ Travis R. Kearbey___